KENT E. HANSON
ELIZABETH B. DAWSON
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Phone: (206) 220-4198
Fax: (202) 514-8865
Kent.Hanson@usdoj.gov
Elizabeth.Dawson@usdoj.gov

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## EUGENE DIVISION

_____

UNITED STATES OF AMERICA,

                 Plaintiff,

          v.                              COMPLAINT

WILLIAM CASE,
BILL CASE FARMS, INC., and          Clean Water Act Action (33 U.S.C. §
CASE FAMILY, LLC,                1319(b), (d))

                Defendants.

_____

## THE UNITED STATES' COMPLAINT

     The United States of America ("United States"), through its undersigned attorneys, by the

authority of the Attorney General, and at the request of the Administrator of the United States

Environmental Protection Agency ("EPA"), alleges as follows:

## NATURE OF THE ACTION

     1.     This is a civil action commenced under section 309(b) and (d) of the Clean Water

Act ("CWA"), 33 U.S.C. § 1319(b), (d). The United States seeks injunctive relief and civil

penalties against William Case, Bill Case Farms, Inc., and Case Family, LLC ("Defendants"), for violating CWA section 301(a), 33 U.S.C. § 1311(a), by discharging dredged or fill material into waters of the United States in Linn County, Oregon, by, among other things, constructing an approximately 835-foot-long revetment wall in a riverbank, and by constructing an approximately 993-foot-long dike along the riverbank without a permit issued under CWA section 404, 33 U.S.C. § 1344.

      2.      In this action, the United States seeks (1) to enjoin the discharge of pollutants into waters of the United States without a permit in violation of CWA section 301(a), 33 U.S.C. § 1311(a); (2) to require Defendants, at their own expense and at the direction of EPA, to restore and/or mitigate the damages caused by their unlawful activities; and (3) to require Defendants to pay civil penalties as provided in CWA section 309(d), 33 U.S.C. § 1319(d).

## JURISDICTION AND VENUE

      3.      This Court has jurisdiction over the subject matter of this action under CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1331, 1345, and 1355.

      4.      Venue is proper in the United States District Court for the District of Oregon under CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. § 1391(b) and (c) because the Defendants conduct business in this District, the subject properties are located in this District, and the cause of action alleged herein arose in this District.

      5.      Venue is proper in the Eugene Division under LR 3-2 because Defendants conduct business in Linn County, the subject properties are located in Linn County, and the cause of action alleged herein arose in Linn County.

      6.      Notice of the commencement of this action has been provided to the State of Oregon in accordance with CWA section 309(b), 33 U.S.C. § 1319(b).

## **THE PARTIES**

7.       The Plaintiff is the United States of America. The United States Department of Justice is vested with the authority to bring this action under 28 U.S.C. §§ 516 and 519, and 33 U.S.C. § 1366.

8.       Upon information and belief, Defendant William Case is a private individual who resides in Linn County, Oregon, and whose principal mailing address is 33010 Dever Connor Drive NE, Albany, Oregon 97321-9520.

9.       Upon information and belief, Defendant William Case performed some or all of the work at the real property that is the subject of this Complaint ("the Site") comprising the violations of the CWA, in his personal capacity and in his capacity as an employee or agent of Defendant Case Family, LLC, and Defendant Bill Case Farms.

10.      Upon information and belief, Defendant Bill Case Farms, Inc., is a corporation organized under the laws of Oregon with an address of 33010 Dever Connor Drive NE, Albany, Oregon 97321-9520.

11.      Upon information and belief, Defendant Bill Case Farms, Inc., paid for some or all of the work at the Site comprising the violations of the CWA.

12.      Upon information and belief, Defendant Case Family, LLC, is a limited liability company organized under the laws of Oregon with an address of 33010 Dever Connor Drive NE, Albany, Oregon 97321-9520.

13.      Upon information and belief, Defendant Case Family, LLC, currently owns real property in Linn County, Oregon, within Section 24, Township 10 South, Range 3 West, Western Meridian, tax lots 1200 and 100, which includes the Site, and derived a benefit from the work at the Site comprising the violations of the CWA.

14.     Upon information and belief, at all times relevant to the Complaint, one or more of the Defendants controlled the Site and/or controlled the activities that occurred on the Site.

## STATUTORY AND REGULATORY AUTHORITY

15.     The CWA's purpose is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters."  33 U.S.C. § 1251(a).

16.     CWA section 301(a), 33 U.S.C. § 1311(a), prohibits the discharge of any pollutant, including dredged or fill material, by any person from any point source to navigable waters except in compliance with, *inter alia*, CWA section 404, 33 U.S.C. § 1344.

17.     CWA section 404(a), 33 U.S.C. § 1344(a), authorizes the Secretary of the Army, acting through the Chief of Engineers, to issue permits for the discharge of dredged or fill material to navigable waters at specified disposal sites, after notice and the opportunity to comment.

18.     CWA section 502(12), 33 U.S.C. § 1362(12), defines "discharge of a pollutant" to include "any addition of any pollutant to navigable waters from any point source."

19.     CWA section 502(6), 33 U.S.C. § 1362(6), defines "pollutant" to include, *inter alia*, dredged spoil, rock, sand, cellar dirt, and biological materials.

20.     CWA section 502(7), 33 U.S.C. § 1362(7), defines "navigable waters" as "the waters of the United States, including the territorial seas."

21.     At the time of the violations alleged herein, 33 C.F.R. § 328.3(a)(1), (2), (5) and (7), and 40 C.F.R. § 232.2, defined "waters of the United States" to include, *inter alia*:  (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to waters described in (i) and (ii); and (iv) wetlands adjacent to waters described in (i) or (ii) or their tributaries.

22.    On June 29, 2015, EPA and the Department of the Army promulgated a new rule, which became effective on August 28, 2015. The new rule amended 33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 and defines "waters of the United States" to include, *inter alia*: (i) all waters which are currently used, were used in the past, or may be susceptible to use in interstate or foreign commerce; (ii) all interstate waters; (iii) tributaries to waters described in (i) and (ii); and (iv) wetlands or other waters adjacent to the waters described in (i)-(iii). Implementation of the new rule has been temporarily stayed by the Sixth Circuit Court of Appeals. *In re: Environmental Protection Agency and Department of Defense Final Rule; "Clean Water Rule: Definition of Waters of the United States," 80 Fed. Reg. 37,054 (June 29, 2015)*, 803 F.3d 804, 808 (6th Cir. 2015).

23.    Under 33 C.F.R. § 328.4(c), federal jurisdiction over a non-tidal "water of the United States," in the absence of adjacent wetlands, extends to the "ordinary high water mark." The "ordinary high water mark" is defined as a "line on the shore established by the fluctuations of water and indicated by physical characteristics" including a "natural line impressed on the bank, shelving, changes in the character of soil, destruction of terrestrial vegetation, [or] the presence of litter and debris."  33 C.F.R § 328.3(e) (at the time of the violations alleged herein) and 33 C.F.R. § 328.3(c)(6) (after the effective date of the new rule).

24.    33 C.F.R. § 328.3 and 40 C.F.R. § 232.2 define "wetlands" as "those areas that are inundated or saturated by surface or groundwater at a frequency and duration sufficient to support, and that under normal circumstances do support, a prevalence of vegetation typically adapted for life in saturated soil conditions."

25.    CWA section 502(14), 33 U.S.C. § 1362(14), defines "point source" to include "any discernible, confined and discrete conveyance . . . from which pollutants are or may be

discharged."

26.    CWA section 502(5), 33 U.S.C. § 1362(5), defines "person" to include "an individual [or] corporation."

27.    CWA section 309(b), 33 U.S.C. § 1319(b), authorizes the commencement of a civil action for appropriate relief, including a permanent or temporary injunction, against any person who violates CWA section 301(a).

28.    In an action brought under CWA section 309(b), 33 U.S.C. § 1319(b), CWA section 309(d), 33 U.S.C. § 1319(d), authorizes the district court to impose civil penalties against any person who violates CWA section 301(a).

## GENERAL ALLEGATIONS

29.    Defendants are persons within the meaning of CWA section 502(5), 33 U.S.C. § 1362(5).

30.    Defendants own, possess, or control real property in Linn County, Oregon, within Section 24, Township 10 South, Range 3 West, Western Meridian, tax lots 1200 and 100, which includes the Site.

31.    The Site is located on the North Santiam River, near the confluence of the North and South Santiam Rivers, River Miles 0.25–0.5 and 1.45–1.6. This stretch of the North Santiam River is designated critical habitat under the Federal Endangered Species Act for Upper Willamette River Chinook salmon (*Oncorhynchus tshawytscha*) and steelhead (*O. mykiss*), and is designated essential fish habitat under the Magnuson-Stevens Fishery Conservation and Management Act for Coho salmon (*O. kisutch*) and Chinook salmon.

32.    Portions of the Site are at or below the ordinary high water mark of the North Santiam River.

6

33.    The North and South Santiam Rivers merge and form the Santiam River, which flows into the Willamette River. The Santiam River is a Rivers and Harbors Act section 10, 33 U.S.C. § 403, navigable water at the highway bridge within the city of Jefferson, Linn County, Oregon. The Site is located upstream of the head of Rivers and Harbors Act section 10 waters, where the North Santiam River has perennial flows.

34.    The Santiam and Willamette Rivers are traditional navigable waters presently used, or have been used in the past or may be susceptible to use, in interstate or foreign commerce. The North Santiam River is a tributary of the Santiam and Willamette Rivers. The North Santiam River itself is a traditional navigable water that is currently used, was used, or is susceptible to use in interstate commerce, being recognized for its recreational boating, canoeing, and kayaking opportunities due to its year round flow and accessibility.

35.    The North Santiam River has five side channels on the Site that eventually join to form a larger channel that flows directly into the North Santiam River. The North Santiam and each of the five side channels are characterized by the presence of physical indicators of a bed and bank and an ordinary high water mark. The North Santiam provides all of the surface water flowing through the channels; the larger channel flows into the North Santiam year-round, and the five side channels flow intermittently and at least on a seasonal basis into the larger channel, demonstrating a hydrologic connection between the channels and the River. These side channels are adjacent to a traditional navigable water and they, alone and in combination with similarly-situated channels in the region, significantly affect the chemical, physical, and biological integrity of that traditional navigable water. As tributaries of another water of the United States (the North Santiam River), these side channels are also waters of the United States as defined in the regulations promulgated under the CWA that were in effect at the time of Defendants'

activities and will be in effect under the new rule.

36.     The Site also contains wetlands adjacent to the North Santiam River, which abut and have a continuous surface connection to the River's side channels. Through a surface connection with the side channels, these wetlands maintain a hydrologic connection with the River. Neighboring the North Santiam River, these wetlands are adjacent to a traditional navigable water and they, and alone and in combination with similarly-situated wetlands in the region, significantly affect the chemical, physical, and biological integrity of that traditional navigable water.

37.     The wetlands on the Site, the Willamette River, the Santiam River, the North Santiam River, and the five side channels that join to form the larger channel that flows into the North Santiam River are "waters of the United States" within the meaning of the CWA and the regulations promulgated thereunder that were in effect at the time of Defendants' activities and that will be in effect under the new rule.

## 2009 Violations

38.     On or about September 1, 2009, Defendants, and/or persons acting on their behalf, used an excavator on the bank of the North Santiam River to dig a trench below the ordinary high water mark and discharge large riprap rock and dredged material below the ordinary high water mark along approximately 835 linear feet of the River at the Site.

39.     The excavator discussed in Paragraph 38 was operated by Defendants or persons acting on Defendants' behalf.

40.     The excavator is a "point source" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

41.     The materials that Defendants and/or persons acting on their behalf discharged

into the North Santiam River at the Site included rocks and dirt, which are "pollutant[s]" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

42.     On August 20, 2010, the United States Army Corps of Engineers ("Corps") sent Defendant William Case a cease and desist order regarding the placement of riprap material below the ordinary high water mark of the North Santiam River and informed Defendant William Case that the CWA prohibits discharges of dredged or fill material into waters of the United States unless the work has been authorized by a Corps permit.

43.     On August 26, 2010, the Corps conducted an inspection of the Site. At the time of the August 26, 2010 inspection, there was riprap material below the ordinary high water mark of the North Santiam River at the Site.

44.     On May 5, 2011 and October 14, 2011, EPA conducted inspections of the Site. At the time of the May 5, 2011 and October 14, 2011 inspections, there was riprap material below the ordinary high water mark of the North Santiam River at the Site.

45.     To date, Defendants have neither applied for nor obtained a CWA section 404 permit from the Corps authorizing any work, including, but not limited to, the placement of dredged or fill materials below the ordinary high water mark of the North Santiam River undertaken at the Site on or about September 1, 2009.

**2012 Violations**

46.     Between approximately August 1, 2012, and September 28, 2012, Defendants, and/or persons acting on their behalf, used an excavator and a bulldozer to discharge large riprap rock along approximately 823 feet of the North Santiam River below the ordinary high water mark, to alter side channels of the River during the excavation activities, and to fill wetlands adjacent to the River and its side channels.

47.    The excavator and bulldozer discussed in paragraph 46 were operated by Defendants or persons acting on Defendants' behalf.

48.    The excavator is a "point source" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

49.    The bulldozer is a "point source" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

50.    The materials that Defendants and/or persons acting on their behalf discharged into the North Santiam River, the side channels, and the wetlands at the Site included rocks and dirt, which are "pollutant[s]" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

51.    On October 19, 2012, EPA sent Defendant Mr. Case a notice of violation regarding the unauthorized discharge of fill material into the North Santiam River and the River's side channels and informed Defendant William Case that the CWA prohibits placing fill material into waters of the United States unless the work has been authorized by a Corps permit.

52.    On October 31, 2012, EPA conducted an inspection of the Site. At the time of the October 31, 2012 inspection, dredged and fill material were present below the ordinary high water mark of the North Santiam River, in the River's side channels, and in wetlands adjacent to the North Santiam River and the River's side channels.

53.    To date, Defendants have neither applied for nor obtained a CWA section 404 permit from the Corps authorizing any work, including, but not limited to, the placement of dredged or fill materials below the ordinary high water mark of the North Santiam River, the side channels to the River, or the wetland adjacent to the River and its side channels, undertaken at the Site between approximately August 1, 2012, and September 18, 2012.

## 2013 Violations

54.     After the 2012 violations, sometime prior to September 6, 2013, Defendants, and/or persons acting on their behalf, used an excavator and/or a bulldozer to excavate and fill an area approximately 170 feet by 164 feet along the North Santiam River, blocking side channels of the River and placing gravel piles in wetlands adjacent to the River and its side channels.

55.     The excavator and/or bulldozer discussed in paragraph 54 were operated by Defendants or persons acting on Defendants' behalf.

56.     The excavator is a "point source" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

57.     The bulldozer is a "point source" within the meaning of CWA section 502(14), 33 U.S.C. § 1362(14).

58.     The materials that Defendants and/or persons acting on their behalf discharged into the North Santiam River, the side channels, and the wetlands at the Site included rocks and dirt, which are "pollutant[s]" within the meaning of CWA section 502(6), 33 U.S.C. § 1362(6).

59.     On September 6, 2013, EPA conducted an inspection of the Site. At the time of the September 6, 2013 inspection, dredged and fill material were present below the ordinary high water mark of the North Santiam River, in the River's side channels, and in wetlands adjacent to the North Santiam River and the River's side channels.

60.     To date, Defendants have neither applied for nor obtained a CWA section 404 permit from the Corps authorizing any work, including, but not limited to, the placement of dredged or fill materials below the ordinary high water mark of the North Santiam River, the side channels to the River, or the wetlands adjacent to the River and its side channels, undertaken at the Site during 2013.

**CLAIM FOR RELIEF**

**UNAUTHORIZED DISCHARGES OF DREDGED OR FILL MATERIAL**

61.     The United States incorporates Paragraphs 1−60 above as if fully set forth herein.

62.     Defendants discharged dredged or fill material into waters of the United States, impacting a total of approximately 1,828 linear feet of streambank on the North Santiam River, five side channels to the North Santiam River, and wetlands adjacent to the North Santiam River.

63.     All or substantially all areas to which Defendants discharged dredged or fill material at the Site are "waters of the United States" within the meaning of the CWA and its implementing regulations.

64.     Defendants do not have, and have never had, a permit issued under CWA section 404, 33 U.S.C. § 1344, authorizing the discharges of dredged or fill material at the Site as described in Paragraphs 38−60.

65.     The discharges of dredged or fill material described in Paragraphs 38−60 violated and continue to violate CWA section 301(a), 33 U.S.C. § 1311(a).

66.     As of the filing date of this Complaint, the dredged and fill materials referenced in Paragraphs 38−60 remain in place.

67.     Each day that the dredged or fill materials described in Paragraphs 41, 50, and 58 remain in waters of the United States constitutes a separate violation of CWA section 301(a), 33 U.S.C. § 1311(a).

68.     Under CWA sections 309(b) and (d), 33 U.S.C. § 1319(b), (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, Defendants are liable for a civil penalty of up to $37,500 per day for each violation of CWA section 301(a), 33 U.S.C. § 1311(a).

69.     Unless this Court compels Defendants to restore the waters of the United States to

their pre-violation conditions, Defendants are likely to allow dredged or fill material to remain in waters of the United States in violation of CWA section 301, 33 U.S.C. § 1311.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court order the following relief:

I.      Permanently enjoin Defendants from discharging dredged or fill material or other pollutants to any water of the United States except in compliance with a CWA permit;

II.      Order all Defendants to pay civil penalties, pursuant to CWA section 309(d), 33 U.S.C. § 1319(d), per day for each violation of CWA section 301(a);

III.      Order Defendants, or any combination thereof, to completely restore the waters of the United States at the Site to their pre-violation conditions and conduct compensatory mitigation for irreversible environmental damage, at Defendants' own expense and at the direction of EPA;

IV.      Award the United States costs and disbursements in this action; and

V.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

*/s/ Elizabeth B. Dawson*

KENT E. HANSON
ELIZABETH B. DAWSON
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044

Phone: (206) 639-5544
Fax: (202) 514-8865
Kent.Hanson@usdoj.gov
Elizabeth.Dawson@usdoj.gov

Dated:  February 23, 2016

OF COUNSEL:

Endre M. Szalay
Assistant Regional Counsel
United States Environmental Protection Agency
Region 10
1200 Sixth Avenue, Suite 900 (ORC-133)
Seattle, WA 98101
Telephone:  (206) 553-1073
Facsimile:  (206) 553-0163

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

United States of America

**DEFENDANTS**

William Case
Bill Case Farms, Inc.
Case Family, LLC

**(b)**   County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Linn County

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)**   Attorneys *(Firm Name, Address, and Telephone Number)*

Elizabeth B. Dawson
U.S. Department of Justice
P.O. Box 7611, Washington, D.C. 20044; 202-514-8293

Attorneys *(If Known)*

Aaron C. Courtney
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600, Portland OR, 97204

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
Plaintiff

☐ 3   Federal Question
*(U.S. Government Not a Party)*

☐ 2   U.S. Government
Defendant

☐ 4   Diversity
*(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | | ☐ 710 Fair Labor Standards | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | Act | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 720 Labor/Management | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | | Relations | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | | ☐ 740 Railway Labor Act | ☒ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | | ☐ 751 Family and Medical | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | | Leave Act | Act |
| | Medical Malpractice | | | ☐ 790 Other Labor Litigation | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 791 Employee Retirement | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | Income Security Act | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | ☐ 870 Taxes (U.S. Plaintiff | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | or Defendant) | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | |
| | Employment | **Other:** | **IMMIGRATION** | 26 USC 7609 | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Other | ☐ 550 Civil Rights | ☐ 465 Other Immigration | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | Actions | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
Proceeding

☐ 2  Removed from
State Court

☐ 3  Remanded from
Appellate Court

☐ 4  Reinstated or
Reopened

☐ 5  Transferred from
Another District
*(specify)*

☐ 6  Multidistrict
Litigation

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Clean Water Act, 33 U.S.C. § 1319(b), (d)

Brief description of cause:
Discharge of dredged or fill material into waters of the United States in Linn County, Oregon.

## VII.  REQUESTED IN COMPLAINT:

☐  CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**    ☐ Yes    ☒ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
02/23/2016

SIGNATURE OF ATTORNEY OF RECORD
/s/ Elizabeth B. Dawson

**FOR OFFICE USE ONLY**

RECEIPT #                        AMOUNT                        APPLYING IFP                        JUDGE                        MAG. JUDGE