IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    vs.<br><br>WILLIAM CASE; BILL CASE FARMS, INC.; CASE FAMILY, LLC.<br><br>        Defendants. | Case No. 6:16-cv-00328-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

Before the Court is the United States' unopposed motion to enter its consent decree with defendants William Case, Bill Case Farms, Inc., and Case Family, LLC. Doc. 102.

Judicial review of a consent decree is limited. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1977). "Because of the unique aspects of settlements, a district court should enter a proposed consent judgment if the court

Page 1 – OPINION AND ORDER

decides that it is fair, reasonable and equitable and does not violate the law or public policy." *Sierra Club, Inc. v. Elec. Controls Design, Inc.*, 909 F.2d 1350, 1355 (9th Cir. 1990). When, as here, the United States is a party to the consent decree, the Court "should pay deference to the judgment of the government agency which has negotiated and submitted the proposed judgment." *SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984). Although it may explain its reasons for withholding approval of a proposed consent decree, the court lacks the authority to modify the parties' proposal and therefore must either accept or reject the proposal as submitted. *See Officers for Justice*, 688 F.2d at 630.

Having carefully considered the consent decree, the Court finds it fair, reasonable, and consistent with the purposes of the Clean Water Act, 33 U.S.C. § 1251 et seq. The parties reached this settlement after years of litigation. The United States represents that settlement followed good faith, arms-length negotiations conducted by experienced counsel aware of the strengths and weaknesses of their respective cases. Mot. (doc. 102) at 5. Further, a United States Magistrate Judge facilitated much of the negotiations. The proposed consent decree would ensure that Clean Water Act violators bear the cost of the harm for which they are responsible and would subject defendants to the kinds of remedies that courts are authorized to order in Clean Water Act cases. *See* 33 U.S.C. § 1319(b) & (d). The proposed consent decree's on-site remediation, preservation, and compensatory mitigation requirements would address adverse environmental impacts caused by defendants' unauthorized conduct, and the civil penalties that the proposed consent decree would

impose are proportionate to the violations for which the Court held defendants liable. Finally, the proposed consent decree would achieve significant goals of the Clean Water Act by, among other things, obligating defendants to remediate the damage caused by their unauthorized conduct, providing off-site compensatory mitigation aimed at increasing habitat for endangered juvenile salmonids and high water refuge for other species, and permanently protecting over 50 acres of aquatic areas and adjacent riparian land. *See* 33 U.S.C. § 1251(a) (providing that the Clean Water Act's objective is "to restore and maintain the chemical, physical, and biological integrity of the Nation's waters).

The unopposed motion to enter the consent decree (doc. 102) is GRANTED.

IT IS SO ORDERED.

Dated this  30th  day of May 2020.

                                    /s/Ann Aiken

                                    Ann Aiken
                        United States District Judge